# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FLOYD ODEN #362377, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-01297 |
| ) | JUDGE TRAUGER |
| BLAIR LEIGBACH, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Floyd Oden, an inmate currently incarcerated in the Morgan County Correctional Complex in Wartburg, Tennessee, has filed a pro se civil rights action under 42 U.S.C. § 1983. (Doc. No. 1.) The matter is before the court for a ruling on the plaintiff's application to proceed in forma pauperis ("IFP"). (Doc. No. 2.) In addition, the complaint (Doc. No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his motion (Doc. No. 2) to proceed IFP in this matter.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides

prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $400 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the Morgan County Correctional Complex to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance

with this order.

### B. Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed in forma pauperis and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In his complaint (Doc. No. 1), the plaintiff alleges that on April 9, 2017,[1] when he was housed at Trousdale Turner Correctional Facility, a correctional officer there verbally assaulted him with several racial slurs. (*Id.* at 4.) He asks for a declaration that his constitutional rights were violated, an injunction forcing the officer and the facility warden to cease using racial slurs toward inmates and resign their positions, and money damages in the amount of $2,500 from each of them. (*Id.* at 6.)

It is clear, however, that harassment and verbal abuse, no matter how "shameful and utterly unprofessional," do not violate the Constitution. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir. 2004) (affirming dismissal for failure to state a claim where plaintiff's allegations included continuous insulting remarks by guard). More specifically, "[t]he occasional use of racial slurs, 'although unprofessional and reprehensible, does not rise to the level of constitutional magnitude.'" *Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (quoting *Corsetti v. Tessmer*, 41 Fed. App'x 753, 755–56 (6th Cir. 2002)). Therefore, even taking all of the plaintiff's allegations as true, they does not amount to a constitutional violation as necessary to state a claim for relief under § 1983.

Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief can

---

[1] This lawsuit is likely barred by the one year statute of limitations that applies to § 1983 actions arising in Tennessee. Tenn. Code Ann. § 28-3-104(a); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Although the plaintiff purports to have signed and dated his complaint on November 27, 2017 (Doc. No. 1 at 7), he did not include a certification that he delivered it to the prison mail room on that date, and the envelope in which it arrived indicates that it was processed in the prison's mail room on November 6, 2018. (*Id*. at 15.) It is not clear from this record who is responsible for that year-long gap between signing and mailing the complaint, or whether the complaint should be deemed timely pursuant to the prison mailbox rule. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (explaining that courts generally assume that a filing was delivered to the prison mail room on the day it was signed, but that assumption may be rebutted by evidence to the contrary). It is unnecessary to determine whether the plaintiff's complaint is timely, however, because it fails on its merits.

be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this order constitutes the judgment in this action.

IT IS SO **ORDERED.**

ENTER this 12th day of December 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE